## Case No. 10,591.

### ORR v. MERRILL.

[1 Woodb. & M. 376; [1] 2 Robb, Pat. Cas. 331.]

Circuit Court, D. Maine. Oct. Term, 1846.

PATENTS — INJUNCTION — DISSOLUTION — ANSWER DENYING VALIDITY OF PATENT—SUFFICIENCY—ISSUE AT LAW.

1. Where a bill in chancery asks for an injunction against the use of a patent stove, and for an account of sales, and on proof of former recoveries of others and long possession, an injunction had been granted, the court will not dissolve it merely on an answer denying the validity of the patent; but will, if requested, direct an issue to be tried at law on that point, or, if not requested, continue the injunction and dissolve it at the next term, if in the mean time a suit at law is not brought to test the title.

2. An answer is sufficient for this purpose, though it do not set out the names of the persons, who used the stove patented, or knew it before the patentee did, nor the names of the places where it was used or known.

3. But the answer at law should set them out, and so should the answer and notice on which in chancery an issue is asked to be formed and tried at law.

[Cited in Root v. Lake Shore & M. S. R. Co., 105 U. S. 206.]

This was a bill in chancery, filed the 9th of September, 1845, charging the defendant [William Merrill] with selling Orr's patent air-tight stoves, without a license from the complainant [Matilda K. Orr, administratrix of Isaac Orr]. She was averred to be the owner of said patent procured by her husband, and to have supported her right to it and the validity thereof in several former trials, and to have been for some years in the possession and sale of it. The bill prayed an injunction against farther sales, and an account of prior ones, and a disclosure of certain facts in reply to several interrogatories. On a notice to the respondent, and a failure to appear, an injunction issued September 17th, 1845, which the respondent now moves to have dissolved. In the meantime, November 27th, 1845, the respondent had filed an answer, in which he denied generally the originality of the patent claimed by the plaintiff, and also the use of it by the respondent, though admitting he made other but different air-tight stoves, and stated his inability therefore to exhibit any account as asked for. The complainant filed exceptions to the answer. 1st. That the denial of the originality of the plaintiff's patent does not specify the names of the persons who before invented or used it, nor the names of the places where it was used or known, before the invention of the plaintiff's

[1] [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

patent. 2d. That it is imperfect and deficient in other respects. But these it is not material to detail, in the view of the subject taken by the court.

Fox, for plaintiff.
Wells, for respondent.

WOODBURY, Circuit Justice. It is proper in this case to look at the answer and exceptions, before deciding on the motion to dissolve the injunction. The answer, if it was intended to form an issue to try the validity of the patent, because not original, ought probably to contain more allegations, and set out the names of places and persons, where and by whom, a like stove had before been used. Story, Eq. Pl. § 852. For in a trial of such a question at law the act of congress is peremptory, that such notices shall be given in writing; and it would not do in equity to place a patentee on a ground less favorable than he is placed in a trial at law. But the answer here is sufficient for another purpose, and that for which it was probably filed. It shows, that the defendant denies, and wishes to have tried in a proper way, the validity of the plaintiff's patent, and also denies his own use of it, if it turn out on a trial to be valid.

But where is that trial to be had? Not usually by this court in chancery, nor often in issues sent from here to the law side of the court to be settled by a jury, unless requested by the respondent. But when it is to be done in the last mode in any case, on request or otherwise, it would be proper under those issues to have all the specific notices given by the defendant in detail of persons and places connected with the former use of it. Here, however, no such request being preferred by either side, the trial of the validity of the patent could be had most properly in a new action brought at law, and there, in such a defence as this answer discloses, all the notices must be set out which the plaintiff claims to have done, before he is allowed to be driven to trial on the merits. Phil. Pat. p. 392, and cases there cited.

Again, bills brought in equity for injunctions are usually instituted after the title of the patent has been established at law against the defendant, or some other person using it; and the expectation is, that the only questions agitated will be as to the amount to be accounted for, and the restrictions for the future, and not the validity of the right. But if the right is put in question by the defendant, and an injunction has been already granted, it may be dissolved, if not proper to be retained, and the plaintiff referred to a court of law to try the validity of the patent there. Or the injunction may be retained as proper till the validity of the patent is settled between them, if it appears as here, that the plaintiff has supported the validity of the patent in other trials, and been some time in the use and possession of

it. See Orr v. Littlefield [Case No. 10,590]. That question can be settled by an issue framed and sent to a jury, under this bill, and to the law side of the court, when desired by the respondent, or by a new action brought at law for damages. See cases in Pierpont v. Fowle [Id. 11,152].

A common injunction is dissolved on an answer denying title, &c., but a special one is not, unless the denial is justified by something else, or the claim is strengthened by some evidence. See all the cases and decisions noticed in Poor v. Carleton [Case No. 11,-272]. In special injunctions, a motion to dissolve depends on the sound discretion of the court, after affidavits as to merits, if required, and on the nature of the case. Id. Here, the answer is full enough and direct enough to show that the defendant denies the validity of the patent, so as to render a trial necessary; but till sustained by the result of such a trial in favor of the defendant, this naked denial is not sufficient to overcome the former recoveries and long possession of the plaintiff in favor of retaining the injunction that has before been granted. Perfect justice, however, can be enforced for both parties, as no desire is expressed to form an issue here on the matters in dispute to be tried by a jury. We can direct, as we do, that the plaintiff must institute a suit at law before the next term, to try the validity of her patent with the defendant, and his use of it or not, if valid, else the injunction will then be dissolved. But sufficient cause does not seem to be now shown to render the dissolution of it proper at this time. Motion refused.

[Patent granted to J. Orr Jan. 20, 1836, was reissued Nov. 12, 1842 (No. 48). For other cases involving this patent, see Orr v. Badger, Case No. 10,587; Orr v. Littlefield, Id. 10,590.]

---

ORR (RATHBONE v.). See Case No. 11,585.

ORR (THORP v.). See Case No. 14,006.

ORTEGA (UNITED STATES v.). See Cases Nos. 15,970 and 15,971.

ORVIS (McDONALD v.). See Case No. 8,764.